[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14792
Non-Argument Calendar

_____

D. C. Docket No. 05-00046-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO CORTES PINZON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 26, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alvaro Cortes Pinzon appeals his 135-month sentence after he

pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Cortes Pinzon argues that the district court erred (1) in denying him a mitigating-role adjustment, pursuant to U.S.S.G. § 3B1.2, and (2) by imposing an unreasonable sentence, one greater than those received by similarly situated defendants, in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

## I.  U.S.S.G. § 3B1.2 mitigating-role adjustment

"Post-*Booker*, we continue to review the district court's application of the Guidelines just as we did pre-*Booker*."  *United States v. Ellis*, 419 F.3d 1189, 1192 (11th Cir. 2005).  We require the district court "to calculate *correctly* the sentencing range prescribed by the Guidelines."  *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).  "This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."  *United States v. De Varon*, 175 F.3d 930, 937

2

(11th Cir. 1999) (*en banc*). "So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." *Id.* at 945.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The Sentencing Guidelines also permit a court to decrease a defendant's offense level by four points if it finds that the defendant was a "minimal participant" in the criminal activity. U.S.S.G. § 3B1.2(a). A defendant is a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n.4).

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. Regarding the

3

first prong, we have stated that "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." *Id.* "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. Under the first prong of the *De Varon* test, we explained that:

> [i]n the drug courier context, examples of some relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution. This is not an exhaustive list, nor does it suggest that any one factor is more important than another.

*Id.* at 945. Nonetheless, we noted that "because the amount of drugs in a courier's possession – whether very large or very small – may be the best indication of the magnitude of the courier's participation in the criminal enterprise, we do not foreclose the possibility that amount of drugs may be dispositive – in and of itself – in the extreme case." *Id.* at 943.

As for the second prong, we have stated that "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 944. In assessing a defendant's relevant culpability, we have concluded that:

> [f]irst, the district court should look to other participants only to the

extent that they are identifiable or discernable from the evidence. This is a fact-intensive inquiry. Second, the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant. . . . Simply put, a defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than *most other participants* in [his] relevant conduct.

*Id*. at 944.

We conclude from the record that the district court did not clearly err when it denied Cortes Pinzon a mitigating-role reduction because (1) he was held accountable only for the quantity of cocaine related to his role in the offense; (2) the court found his role, which included monitoring the vessel's plug and throwing bales off the vessel before apprehension, to be significant and critical to the criminal enterprise; and (3) he failed to produce any evidence in support of his mitigating role. *See De Varon*, 175 F.3d at 941, 943. Accordingly, we affirm as to this issue.

## II. *Booker*

We review sentences imposed under the post-*Booker* advisory Guideline scheme for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005); *Booker*, 543 U.S. at 260-63, 125 S. Ct. at 765-66 (holding that appellate court review sentences for unreasonableness in light of the § 3553(a) factors).

5

Following the *Booker* decision, we have held that the district court must first correctly calculate the defendant's advisory Guideline range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. *Crawford*, 407 F.3d at 1179.

Our review for reasonableness is deferential. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a). In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose." *Id.* The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786; *see also* 18 U.S.C. § 3553(a). We also have noted that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788.

In *United States v. Scott*, we held that a district court's statement that it had

6

considered the § 3553(a) factors alone is sufficient in post-*Booker* sentences to indicate that it considered the factors. 426 F.3d 1324, 1329-30 (11th Cir. 2005). We have held "that nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* at 1329. We have concluded that the defendant's sentence was reasonable because the district court accurately calculated the Guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. *Id.* at 1330.

In the instant case, we conclude from the record that the district court imposed a reasonable sentence. First, the district court correctly calculated the Guideline range. *See Crawford*, 407 F.3d at 1178. Second, the district court, in sentencing Cortes Pinzon to a low-end Guideline sentence took into consideration the statutory 18 U.S.C. § 3553(a) factors. Although the district court did not explicitly discuss each statutory factor, it was not required to do so. *See Scott*, 426 F.3d at 1329. Third, the district court applied the Guidelines in an advisory fashion. Because, based on our review of the record, Cortes Pinzon's sentence was reasonable, we affirm as to this issue.

## *Conclusion*

Based on our review of the record and the parties' briefs, we discern no

reversible error.  Accordingly, we affirm Cortes Pinzon's sentence.

**AFFIRMED.**